**UNITED STATES ex rel. Laurence J. TONZI**

v.

**Melvin LAIRD, Secretary of Defense, et al.**

**Civ. A. No. 70–3556.**

United States District Court, E. D. Pennsylvania.

April 16, 1971.

Robert M. Rosenblum, Philadelphia, Pa., for petitioner.

Louis C. Bechtle, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for respondents.

## MEMORANDUM AND ORDER

EDWARD R. BECKER, District Judge.

This is a proceeding by a serviceman seeking a temporary restraining order and further injunctive relief barring his removal from this district pending action by the Navy on his application for in-service Conscientious Objector ("C. O.") classification and consequent discharge. Petitioner Tonzi filed his appli-

**1390**

cation on December 28, 1970. At that time, he was in receipt of orders to report to Camp Pendleton, California on January 2, 1971 for further training before being shipped overseas.

Under the applicable Department of Defense directives, when an application for in-service C. O. classification is filed, the serviceman is accorded a hearing before a review officer who makes recommendations to the Departmental headquarters, which makes the final decision unless an advisory opinion is sought from the Selective Service System, Washington, D. C. During the pendency of the proceedings, the serviceman is subject to the usual duty station orders; however, Department of Defense Directive 1300.6, Part VI, provides that, pending decision on the C. O. application:

"* * * to the extent practicable, the person will be employed in duties which involve the minimum conflict with his asserted beliefs."

We denied petitioner's request for a temporary restraining order and preliminary injunctive relief. We take this opportunity to express our reasons for doing so and to finally dispose of the matter on the record.

While this question has not previously been raised in this circuit, it has been squarely decided unfavorably to the serviceman by the United States Court of Appeals for the Ninth Circuit in the case of Kimball v. Commandant Twelfth Naval District, 423 F.2d 88 (1970). The appellant in that case sought a temporary restraining order and further injunctive relief barring his removal from the Northern District of California pending action by the Navy on his request for in-service C. O. classification, which had been filed ten days prior to his being scheduled to go to Vietnam. The Court, in refusing to grant relief, held that there was no authority in the Department of Defense or Naval regulations which required the postponement of overseas assignment pending the determination of a request for C. O. status, and that failure to grant such postponement did not constitute a denial of administrative due process.

The principal thrust of Tonzi's petition was that, by transfer, he would be deprived of the opportunity of having his witnesses appear before the departmental hearing officer. In a quasi-procedural due process argument, he asserted that this inability to present "live" witnesses would be fundamentally unfair and would irreparably prejudice his case. It is not necessary to deal with this contention, for, as the result of a conference in the undersigned judge's chambers on December 31, 1970, attended by counsel for the petitioner, Assistant United States Attorney Merna B. Marshall, and representatives of the Bureau of Personnel, United States Naval Hospital, Philadelphia, Pa., arrangements were made for petitioner's hearing on his C. O. discharge application prior to his departure for Camp Pendleton.

Tonzi also claims that his right to file a meaningful writ of habeas corpus will be jeopardized by his transfer. The reasons he posits for this are basically similar to his contention concerning the C. O. departmental hearing: that is, he will not be able to produce "live" witnesses at any hearing the District Court might choose to hold, and that he would not be able to retain his present counsel with whom he has already made fee arrangements. Tonzi concedes that he may file such writ of habeas corpus either in the United States District Court in Southern California, or, if overseas, in the District Court for the District of Columbia, where the Secretary may be served. In either case, his present counsel may continue to represent him or he may retain local counsel. We note parenthetically that hearings in the District Court on habeas corpus petitions such as the petitioner envisions are not common; such matters are generally decided on review of the record.

While it may be true that it will be more difficult for petitioner to

pursue his C. O. discharge application after removal from this district, we cannot presume that he will not receive a fair hearing and all of the rights accorded to him by the regulations and the applicable law. Courts must be wary of interfering with matters legitimately within the jurisdiction of the military authorities. Cf. Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953). We elect therefore to follow the decision in Kimball v. Commandant Twelfth Naval District, *supra*.[1] Like Judge Barnes, we can find no authority in the Department of Defense or Naval regulations which require the postponement of overseas assignment pending the determination of request for C. O. status; neither do we find a denial of due process in this case. Accordingly, the petition will be denied.

### ORDER

And now, this 16th day of April 1971, it is ordered that the Petition of HM2 Tonzi, seeking a temporary restraining order and further injunctive relief is hereby denied, and his complaint is dismissed.

---

1. On the facts, Kimball's case was stronger than Tonzi's; Kimball's application for C.O. classification and discharge was filed ten days prior to his scheduled departure, Tonzi's only four days prior.